OPINION of the Court, by
Judge Clark.
Stephen Trigg, by his last will, devised his estate to be is *302 equally divided between his wife, Mary Trigg, and hi* three children. That a division should not take place until his eldest son came of age, but the tv hole to be kept together for the use of the family, unh ss his wife should marry : on which event, he directs a division to be made. The estate devised to his wife, was for hr t life only, His children to be well educated, and hi-, family genteelly supported. His executors were auth.,rl«cd to s< 11 such, and so much of his lands as they rhoold fhh k s rr per, and lav out the proceeds in the \ tv cl: w,: <b oes, and educating and maintaining hU child.en nod htirdl'g or any other way they might think .termors named in the will having reiui.d Ore < :,s:i i i Í it, on the 4th of March, 1783, it was a 1 .-Ted .. > ¡eco.d, .¡ad administration with the will ar n eg <m • ;•> the said Mary Trigg, who at the same tun-. d «⅛; pro visions made for her by the will.
The teftator having - given the power to ;tU lands for the education _nd Cupport of toe administra - tor ¿í boms non had no claim upon the repre-teotaiives of the admmiftra-irix *.th gn. will annexed 2s>r rents oí the Uicis5 norh^sü int ttpreienta-iucs o/ the ad-Turuftrarrix vlu the will ed any . a. for im-
yi-rc of the ¿.o. ic.í u i eeing ⅝.,ikied to the itvocutorSy the * ,mi..,nr<strix *yuh fhe will i-.j-iexdl had a to retain ííí disourfe-;.^nts lor that and y opedy allow-w ?-bMro; As .noudiiator <*6 n::-' .
She died on the -day of-If86, having previously intermarried with Robert Dank 1, who possessed hints: If of the estate, that had come to her hands. On h.r dutch, administration de boms non was granted to Harry Innes, who filed his bill against Robert Daniel, and Benjamin Logan, Levi Todd and Georg May, the securities of Mary Trigg in her administration bond, for an account of die property administered, and to have the balance delivered over. On the trial, an interlocutory decree was pronounced ; from which, by consent, Innes has appealed to this court.
This decree is erroneous, first, in allowing the widow a.credit lor one third part of the appraised value oí the s.-stiUe, alter deducting the slaves. By law, she could only claim one third of what should remain after the payment of debts, Our statute concerning' wills and the distribution of intestates’ estates, gives to the widow, where she renounces the provisions made for her by her husband’s will, one third of the slaves of which he died possessed, for her lile ; and such share oí his other personal estate us il he had died intestate, lilis is, if there be no child, one moiety ; or if there be a child or children, one third. From the whole statute this is clearly to be understood alter the payment of debts. The widow having renounced the provisions made tor her by the will, within the time prescribed by law, became of course ⅝. nulled, for life, to one third pare of ths *303 «slaves < «h’ch Trigg died possessed; and one tlvrd part of the (>ther personal estate, after the pay merit ot debts, aini no more.
2dly. The circuit court has erred in that. part of the decree which relates to the real estate of the testator. The administratrix, unless authorised by the will, had no povt-r to concern with the realty. The will of See*, phen Tt\ gg g iv. to his executors control over his real estate for certain purposes only : so far ns it was necessary to ( fii 11 these purposes, they had power oyer it* and no farther. The will directs the lands to be sold, and the proceeds to be applied to the purchase of ne-groes and the education and maintenance of his children and family. For the purposes of sale only, had the administratrix with the will annexed a right of control over tlie lands. Her powers being confined to that object alone, the administrator cle bonis non can have no claim for rents, nor the appellees for any improvements made on the land. It may be necessary to consider whether the circuit court did right in allowing the claim for the maintenance and education of the children of the testator. Considering this question ab-stractecl from the will, it is clear the demand would be against the children or distributees, and not against the administrator de bonis non. But -as the will directs the children to be Weil educated and genteelly supported, the superíntendance of which being confided to his executors, clearly gave them a claim for all sums disbursed in carrying that object of the testator into effect. Upon this point we can see no error in the decree.
Wherefore it is decreed and ordered that the decree of the circuit court, so far as it is contrary to the foregoing opinion, be reversed, and that the balance of the decree be affirmed ; audit is further decreed and bride red that the appellees do pay to the appellant his-hosts expended in this appeal.